IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEYON THOMAS-KAY,           )
                               )
        Plaintiff,        )      Civil Action No. 3:25-cv-167
                               )
       v.            )
                               )      Magistrate Judge Patricia L. Dodge
CHRISTIAN SMITH, Warden, *et al.*,    )
                               )
        Defendants.    )

**MEMORANDUM**

Plaintiff Deyon Thomas-Kay, a prisoner in the custody of the Pennsylvania Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He asserts claims for violation of his rights under the Eighth Amendment and for negligence[1] that are alleged to arise from events that occurred when he was imprisoned at the Cambria County Prison. He names as defendants Christian Smith, the warden of Cambria County Prison; Mr. Houston, a lieutenant at Cambria County Prison; and Mr. Welford, Captain of Security at Cambria County Prison, (collectively, "Defendants").

Pending before the Court[2] is a Motion to Dismiss filed by Defendants. (ECF No. 24.) Their motion has been fully briefed and is ready for resolution (ECF Nos. 25, 36, 37.)

---

[1] In his Response, Plaintiff asserts that this case "involves medical negligence, cruel and unusual punishment, Emotional Distress, along with false imprisonment." (ECF No. 36 at 1). To the extent he intends to assert new claims by this statement, he may not do so in a response to a motion to dismiss. *Harris v. U.S. Dept. of State,* 2026 WL 686952, at *1 n.1 (E.D. Pa. March 11, 2026) (collecting cases).

[2] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

## I.     Factual Allegations in Complaint[3]

Plaintiff alleges that after breakfast on the morning of August 9, 2023, a group of federal inmates who were part of a Mexican cartel, housed in Cube 17-16, attacked him. (ECF No. 9 at 5.) He claims that Defendants knew these inmates were dangerous gang members but allowed them to be housed with low- and middle-level custody state inmates. (*Id.*) As a result of the attack, Plaintiff suffered a broken leg and ankle and he required surgery. (*Id.*) He asserts that his injuries are the result of Defendants' negligence and their failure to protect him by allowing him to be housed with and harmed by federal inmates. (*Id.* at 4.) He also asserts that Defendants were negligent in their "investigation." (ECF No. 31-1 at 1.)

## II.     Legal Standard

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). While "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11. Further, in considering a motion to dismiss, the court generally considers only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of

---

[3] Plaintiff asserts additional facts in his Response. But he may not amend his Complaint in this manner and  these facts cannot be considered by the Court in considering the instant motion. *See Harris,* 2026 WL 686952, at *1 n.1 (collecting cases).

2

a claim when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citations omitted).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In sum, the plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; (3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Additionally, the filings of a pro se party must be liberally construed and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-

established."). Moreover, the court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). That said, "pro se litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

## III. Analysis

### A. Negligence Claim

Defendants, all of whom are employees of the Cambria County Prison, move to dismiss the state law negligence claim on the ground that they are immune from liability under the Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S. § 8541 *et seq*. (ECF No. 25 at 7-9).

The PSTCA provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. The Act goes on to identify certain exceptions to immunity:

> A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

4

42 Pa. C.S. § 8542(a). Subsection (b) lists nine negligent acts for which recovery against the local agency is permitted, none of which apply. 42 Pa. C.S. § 8542(b).

An employee of a local agency is liable for injury to a person caused by the employee's acts which are within the scope of his employment only to the same extent as the local agency that employs him. 42 Pa. C.S. § 8545.

Thus, subject to certain exceptions, none of which are relevant here, the PSTCA provides local agencies, such as Cambria County, and their employees, with broad tort immunity for negligence claims. *See Hernandez v. York Cty.*, 288 Fed. Appx. 781, 783 (3d Cir. 2008). Plaintiff has asserted a state law negligence claim based on his allegation that Defendants negligently housed him and failed to protect him from being harmed by other inmates and that they were negligent in their "investigation." This claim does not fall within any of the exceptions to tort immunity under the PSTCA. As Defendants are immune from liability for Plaintiff's negligence claim, it will be dismissed with prejudice.

### B. Eighth Amendment Claim

In his Complaint, Plaintiff alleges that he was attacked by inmates who were part of a cartel, and while Defendants knew these inmates were dangerous gang members, they allowed them to be housed with low- and middle-level custody inmates. In their motion, Defendants argue that these allegations are insufficient to state an Eighth Amendment claim for failure to protect.

To successfully plead a failure-to-protect claim under the Eighth Amendment, a plaintiff must show: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner must then show that the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable

measures to abate it." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 229 (3d Cir. 2015) (quoting *Farmer*, 511 U.S. at 847).

In the Complaint, Plaintiff speculates that Defendants knew the inmates who attacked him were dangerous so they should not have been housed with low and mid-level custody inmates. Plaintiff's speculation that Defendants actually knew of an excessive risk of harm is unsupported by any factual allegations, however. The Complaint does not allege how any Defendant acquired such knowledge, when they learned of a substantial risk of harm, or even any prior conduct or events that actually informed Defendants of this risk. Similarly, in the absence of any facts that support Plaintiff's claim that Defendants knew of the risk, there is no factual basis to support a claim that they were deliberately indifferent to this risk.

Defendants also argue that Plaintiff fails to allege their personal involvement in the alleged constitutional violation. (ECF No. 25 at 6-7.) In a claim under 42 U.S.C. § 1983, a plaintiff must plead a defendant's personal involvement in the alleged deprivation of the constitutional right. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). That is because, as stated in the text of § 1983 itself, only a person who "subjects, or causes to be subjected" another person to a civil rights violation can be held liable under § 1983. Thus, each defendant is liable only for his or her own conduct. *Id.*; *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005) ("To impose liability on the individual defendants, Plaintiffs must show that each one individually participated in the alleged constitutional violation or approved of it.") (citing *C.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000) (en banc).

Further, the doctrine of respondeat superior, which makes an employer or supervisor automatically responsible for the wrongdoing of its employees, does not apply under § 1983. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must

6

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Rode*, 845 F.2d at 1207. For that reason, a supervisor-defendant cannot be held liable for every illegal act that takes in a correctional facility. They are only liable for their own conduct.

The Court of Appeals has identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates. First, liability may attach if the supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id.* (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190 (3d Cir. 1995)). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1208.

Plaintiff baldly asserts that all three Defendants "allowed" him to be housed with inmates who harmed him. This vague and conclusory statement is insufficient to plead that any of the Defendants individually participated in Plaintiff's housing or the housing of other inmates.

For all of these reasons, Defendants' motion to dismiss the Eighth Amendment claim will be granted.

### C.    Amendment

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment

would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Because Plaintiff cannot circumvent Defendants' immunity to the negligence claim, it would be futile to permit amendment of that claim. At the same time, the Court cannot conclude that it would be futile or inequitable to permit Plaintiff to file an amended complaint to remedy the deficiencies identified herein concerning his failure to protect claim.

## IV.    Conclusion

For these reasons, Defendants' Motion to Dismiss will be granted with prejudice as to the negligence claim and granted without prejudice and with leave to amend as to the failure to protect claim.

An appropriate Order follows.

July 10, 2026                                   /s/ Patricia L. Dodge
                                                PATRICIA L. DODGE
                                                United States Magistrate Judge